**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:12cr6-RH/CAS

FRED SOMERS,

      Defendant.

_____/

**ORDER DENYING THE MOTION TO SUPPRESS STATEMENTS**

     The defendant Fred Somers has moved to suppress statements he made on July 29, 2012, to a law enforcement officer who came to Mr. Somers's jail cell to serve him with a search warrant. Mr. Somers was in the cell because he had been detained on a state charge arising from the same conduct underlying this federal prosecution. Mr. Somers was represented by an attorney who had been appointed at the initial appearance on the state charge. The search warrant was for data in Mr. Somers's cellular telephone. Officers had seized the phone when Mr. Somers was arrested two days earlier.

     The officer did not act improperly in serving the warrant on Mr. Somers. Indeed, had the warrant not been served on Mr. Somers, he might later have cried

foul. In serving the warrant, the officer did not interrogate Mr. Somers or otherwise solicit any statement from him. When Mr. Somers began to volunteer a statement, the officer gave him warnings precisely in the form required by *Miranda v. Arizona*, 384 U.S. 436, 467-73 (1966). Mr. Somers knowingly, voluntarily, and intelligently waived his rights and proceeded to make the statements now at issue.

Mr. Somers moved to suppress the statements under the Fifth Amendment. At an evidentiary hearing on September 24, 2012, the motion was deemed to rely also on the Sixth Amendment. A ruling denying the motion's Fifth Amendment component was announced on the record and confirmed by the order entered on October 10, 2012, ECF No. 46. After further briefing by each side, *see* ECF Nos. 45 & 48, this order now denies the motion's Sixth Amendment component.

The controlling case is *Montejo v. Louisiana*, 556 U.S. 778 (2009). There the Court said that an officer does not violate the Sixth Amendment by taking a statement from a defendant who knowingly, voluntarily, and intelligently waives the right to consult with an attorney before making the statement and to have the attorney present at the time of the statement, even if, as the officer knows, the defendant is represented by an attorney at the time of the statement. The officer must give any warnings required by *Miranda* and must not initiate a discussion with a defendant who has invoked the right to an attorney. *See Edwards v. Arizona*, 451 U.S. 477 (1981). But when a defendant—even one represented by an

attorney—initiates the communication, is properly *Mirandized*, and chooses to make an uncounseled statement, the officer may listen. That is what happened here.

For these reasons and those set out on the record of the September 24 hearing,

IT IS ORDERED:

The defendant's motion to suppress statements, ECF No. 33, is DENIED.

SO ORDERED on October 22, 2012.

s/Robert L. Hinkle  
United States District Judge