IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                          Case Nos.: 4:12cr6/RH/MJF
                                                        4:16cv17/RH/MJF


FRED SOMERS,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Defendant Fred Somers filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (ECF No. 139). The Government filed a response in opposition, and Defendant filed a reply. (ECF Nos. 142, 143). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's amended motion should be denied.

## BACKGROUND and ANALYSIS

In February of 2012, Defendant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One) and one count of possession of an unregistered short-barreled shotgun in

violation of 26 U.S.C. §§ 5861(d) and 5871 (Count Two).  (ECF No. 1).   On November 2, 2012, Defendant pleaded guilty to both counts.  (ECF No. 58).

A Presentence Investigation Report ("PSR") was prepared which reflected a history of at least three prior convictions for either a violent felony or a serious drug offense.   These convictions included a 2002 Florida conviction for resisting an officer with violence and battery on a law enforcement officer; a 1998 Florida conviction for aggravated assault with a deadly weapon and burglary of an occupied structure; a 1998 Florida conviction for false imprisonment; a 1997 Maryland conviction for conspiracy to distribute heroin; and a 1996 Florida conviction for burglary of a structure.  (ECF No. 65, PSR ¶¶ 57, 49, 48, 47, 44).  The court classified Defendant as an Armed Career Criminal based on these convictions.  (ECF No. 65, PSR ¶ 27).   Defendant was subject to an enhanced statutory term of 15 years to life imprisonment under § 924(e) and the greater Guideline range in U.S.S.G. § 4B1.4 for the felon in possession of a firearm conviction.  The PSR calculated Defendant's total offense level at 31 and his criminal history category at VI.   His applicable Guidelines range was 188 to 235 months' imprisonment on Count One and 120 months' imprisonment on Count Two.   (ECF No. 65 at 37, PSR ¶ 111).  On January 30, 2013, the court sentenced Defendant to 211 months' imprisonment on Count One and to 120 months' imprisonment on Count Two, to run concurrently, followed by

five years of supervised release. (ECF No. 76). In 2014, Defendant's convictions were affirmed on appeal. (*See* ECF Nos. 119, 120).

On January 13, 2016, Defendant filed a first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and he amended that motion on February 9, 2016. (ECF No. 135, 139). In his amended motion Defendant contends that he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court has held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The Supreme Court issued *Johnson* on June 26, 2015. Therefore, Defendant's amended § 2255 motion raising claims under *Johnson* is timely filed.

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury

to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii).  An individual subject to ACCA's enhanced penalties also is subject to a greater Guidelines range pursuant to U.S.S.G. § 4B1.4.  In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.  Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   Absent the application of the ACCA enhancement, Defendant would have faced a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

In his amended motion Defendant argues in his first three grounds for relief that after *Johnson* his prior Florida convictions for burglary of a structure (Ground One), resisting an officer with violence (Ground Two), and false imprisonment (Ground Three) no longer qualify as violent felonies under the ACCA.[1]  The Government concedes that Defendant's convictions for burglary of a structure and false imprisonment no longer qualify as violent felonies after *Johnson*.  (ECF No. 142 at 6).  However, it maintains that Defendant still has three convictions for qualifying predicate offenses and was correctly sentenced under the ACCA.  These

---

[1] Defendant does not dispute that his assault with a deadly weapon conviction is a violent felony or that his conspiracy to distribute heroin conviction is a serious drug offense under the ACCA.

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

qualifying offenses are (1) resisting an officer with violence, (2) aggravated assault with a deadly weapon, and (3) conspiracy to distribute heroin.

In Ground Two, Defendant appears to argue that his conviction for resisting an officer with violence is no longer a qualifying violent felony pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013) (addressing the propriety of using the modified categorical approach with an indivisible statute). (*See* ECF No. 139 at 27-30). To the extent that this ground is premised on *Descamps*, not *Johnson*, it is untimely.[2] A court must determine the timeliness of each claim raised in a § 2255 motion which depends on a new Supreme Court decision which has been held retroactively applicable to cases on collateral review. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed. *See Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc) (holding the § 2255(f)

---

[2] Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

statute of limitations requires a claim-by-claim approach to determine timeliness).

The Eleventh Circuit has held that the holding in *Descamps* "merely clarified

existing precedent," such that *Descamps* does not extend the statute of limitations

for filing a post-conviction claim. *Mays v. United States*, 817 F.3d 728, 734 (11th

Cir. 2016). *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017)

(finding that petitioner asserted a timely *Johnson* claim while holding that *Descamps*

did not set out a newly recognized right, thus new limitation period did not apply to

a claim that an aggravated assault conviction did not qualify as a violent felony under

the elements clause of ACCA).

　　To the extent that Defendant's challenge to the use of his resisting arrest with

violence conviction as an ACCA predicate is premised on *Johnson*, it is timely.

However, the claim fails on the merits because the Eleventh Circuit has held that a

Florida conviction for resisting arrest with violence categorically qualifies as a

violent felony under the elements clause of the ACCA, even after *Johnson*. *See*

*United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015) (noting that Florida's

intermediary courts have held that violence is a necessary element of resisting an

officer with violence under Fla. Stat. § 843.01); *see also United States v. Romo-*

*Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam) ("[A] conviction

under Florida Statute § 843.01 'is sufficient for liability under the [elements clause]

of the ACCA[.]'"").  In sentencing Defendant in this case, the court relied on *Romo-*

*Villalobos* when finding that this conviction constituted a crime of violence under

the ACCA.  (*See* ECF No. 96 at 44).  Therefore, Defendant's conviction under Fla.

Stat. § 843.01 for resisting an officer with violence is a qualifying predicate offense

under the ACCA, and Defendant has the three requisite qualifying predicate

convictions supporting a sentencing enhancement under the ACCA.

Defendant also raises two additional claims in his amended motion.  In

Ground Four he argues that the court made a "clear error" in concluding that a

conviction existed for conspiracy to distribute heroin because the documents relied

upon lacked the necessary indicia of reliability because they contained clerical

errors, inconsistencies and blank spaces.  (ECF No. 139 at 8).  Defendant did not

raise this claim on appeal.  A motion to vacate under § 2255 is not a substitute for

direct appeal, and issues which could have been raised on direct appeal are generally

not actionable in a § 2255 motion and will be considered procedurally barred.   *Lynn*

*v. United States*, 365 F.3d 1225, 1233-35 (11th Cir. 2004); *see Bousley v. United*

*States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th

Cir. 2011).  In addition, to the extent that this claim is not premised on *Johnson*, it is

untimely.

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

To the extent that Defendant is alleging that there was insufficient evidence for the sentencing court to find that he had a valid Maryland conviction which supported an ACCA enhancement, it will be addressed.  At the sentencing hearing the Government introduced the Maryland judgment, sentence and charging document.  Defendant did not make an objection when the documents were admitted into evidence.  (ECF No. 96 at 27).  However, he did question the adequacy of the documents which were presented, stating in part, "I'm just saying that the documentation is not a judgment and commitment papers to show of what actually happened.  A docket sheet from the clerk of court and it's handwritten?  That's the only thing I'm saying."  (ECF No. 96 at 43).  He also stated that he was not certain of the actual charge to which he pled.  However, when the court gave him the opportunity to testify under oath that he was not convicted of the conspiracy to distribute heroin charge, Defendant declined. The Government's attorney stated that he was informed that the Maryland docket entry, stamp and accompanying documentation served as the judgment.  (ECF No. 96 at 40-41).   In sentencing Defendant, the court found that the Maryland offense was a qualifying predicate conviction under the ACCA and addressed the documents admitted into evidence as follows:

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

> And then finally there's the conviction in Maryland for conspiracy to distribute heroin. We talked some about what the papers establish. They do seem to establish that Mr. Somers was convicted there. The name is slightly different—the name is misspelled in the Maryland papers. There is not a fancy document that says "Judgment" with a seal. But the papers do seem to establish pretty clearly that Mr. Somers was convicted of conspiracy to distribute heroin.

(ECF No. 96 at 49). *See* Government's Exhibit 3 at 5, Baltimore Conviction Documentation.

A court may consider any information, including hearsay, in determining whether factors exist to enhance a defendant's sentence, as long as the information relied upon is sufficiently reliable. *See United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999). A judgment is not required, and the information need not be admissible at a trial. However, the production of a certified copy of a conviction would be the "best approach." *Id*. In this case, the Maryland documentation included the indictment, various docket sheets and a sentencing guidelines worksheet reflecting Defendant's conviction for conspiracy to distribute heroin. *See* Government's Exhibit 3. While Defendant's last name is spelled "Summes" in the documents, the birth date listed is Defendant's, and at no time did Defendant claim that he was not the defendant in that case.

Defendant specifically raised the issue of the reliability of the documentation supporting the Maryland conviction at sentencing, and the court found the

Case Nos.: 4:12cr6/RH/MJF; 4:16cv17/RH/MJF

documentation established that Defendant had been convicted of the charge. Defendant has not demonstrated that the court erred in finding that he had been convicted of conspiracy to distribute heroin. *See United States v. Alicea*, 875 F.3d 606, 609 (11th Cir. 2017) (holding that a district court did not err when it relied on a probation officer's undisputed notation connecting the defendant to prior convictions used to calculate his criminal history score, despite the fact that, in those cases, the defendant was arrested under different names). Therefore, the Maryland conviction was a qualifying predicate offense under the ACCA.

In his final ground for relief, Defendant alleges that the court was without jurisdiction to impose a judgment and sentence in his case because there was insufficient proof that the firearm at issue was transported in interstate commerce. Defendant failed to raise this claim on direct appeal, and it is procedurally barred from review. *Lynn*, 365 F.3d 1233-35. In addition, this claim is not premised on *Johnson*; therefore, it is untimely.

Conclusion

Defendant has three requisite predicate convictions to support the application of the ACCA enhancement even after the Supreme Court's decision in *Johnson*. He is not entitled to sentencing relief under Section 2255, and his amended motion should be denied.

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.:  4:12cr6/RH/MJF; 4:16cv17/RH/MJF

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  Defendant Somers' Amended Motion Under 28 U.S.C. § 2255 to Vacate,

    Set Aside or Correct Sentence by a Person in Federal Custody, (ECF No.

    139), be **DENIED**.

2.  A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Panama City, Florida, this 3rd day of October, 2018.


/s/ *Michael J. Frank*

**MICHAEL J. FRANK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**