**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASES NO.  4:12cr6-RH-MJF
                                                                        4:16cv17-RH-MJF

FRED SOMERS,

      Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION AND
GRANTING A CERTIFICATE OF APPEALABILITY**

The defendant Fred Somers has moved under 28 U.S.C. § 2255 for relief

from his armed-career-criminal sentence based on *Johnson v. United States*, 135 S.

Ct. 2551 (2015). This order denies the motion but grants a certificate of

appealability.

I

Mr. Somers pled guilty to two counts. One was possessing a firearm as a

convicted felon in violation of 18 U.S.C. § 922(g)(1). He was treated as an armed

career criminal under 18 U.S.C. § 924(e) and sentenced to 211 months in prison.

The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in

prison. *See id.* § 924(a)(2). But if the defendant is an armed career criminal, the

*minimum* sentence is 15 years, and the maximum is life. *Id.* § 924(e)(1). A

defendant is an armed career criminal if the defendant has three previous

convictions "for a violent felony or a serious drug offense, or both, committed on

occasions different from one another." *Id.* This order sometimes refers to

qualifying previous convictions as 924(e) "predicates."

Under § 924(e), offenses that qualify as violent felonies can be divided into

three groups.

First, the term "violent felony" includes an offense that "has as an element

the use, attempted use, or threatened use of physical force against the person of

another." § 924(e)(2)(B)(i). This is sometimes referred to as the "element" or

"physical force" clause.

Second, the term "violent felony" includes an offense that "is burglary,

arson, or extortion, [or] involves use of explosives." § 924(e)(2)(B)(ii). This is

sometimes referred to as the "enumerated offenses" clause.

Third, the statute says the term "violent felony" includes an offense that

"otherwise involves conduct that presents a serious potential risk of physical injury

to another." *Id*. This is sometimes referred to as the "residual clause."

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held

the residual clause unconstitutionally vague. *Johnson* is retroactively applicable on

collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

## II

Under the law of the circuit when Mr. Somers was sentenced, he was an armed career criminal. He had five prior convictions that, at that time, were 924(e) predicates—four violent felonies and a serious drug offense. The four violent felonies were Florida state-court convictions for resisting an officer with violence, aggravated assault with a deadly weapon, burglary, and false imprisonment. The serious drug offense was a Maryland state-court conviction for conspiracy to distribute heroin.

Mr. Somers's guideline range was 188 to 235 months. He was sentenced to 211 months on the felon-in-possession count and the maximum of 120 months, to be served concurrently, on the other count.

## III

Mr. Somers has moved for relief under § 2255 based on *Johnson* and on other grounds. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 162, and the properly filed objections, ECF Nos. 165. Mr. Somers has improperly submitted additional, pro se objections, even though he is represented by an attorney. *See* ECF Nos. 166, 167,168 & 169. I have reviewed de novo the issues raised by all the objections. This order accepts the report and recommendation. This order sets out the court's analysis of the *Johnson* claim and adopts the report and recommendation as the court's opinion on all other issues.

# IV

Under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the

controlling question on a *Johnson* claim ordinarily is whether the court would have

imposed a lower sentence had *Johnson* already been on the books at the time of the

original sentencing—that is, had there been no residual clause. This requires an

analysis of each conviction that was treated as an armed-career-criminal predicate

to determine whether it was treated as a predicate based only on the residual

clause. The burden of proof on this issue is on the defendant. If, after eliminating

prior convictions that were treated as predicates based only on the residual clause,

the defendant still has three predicates, the defendant is not entitled to relief under

*Johnson*.

Even if one or more prior convictions were treated as 924(e) predicates

based only on the residual clause and this leaves fewer than three convictions that

the sentencing court would have treated as 924(e) predicates at that time, a

defendant is not entitled to relief if, based on a proper analysis at the time of the

§ 2255 decision, the defendant has three 924(e) predicates. In other words, a

defendant who has three 924(e) predicates under current law is not entitled to relief

under *Johnson*. If the sentencing court reached the right result for the wrong

reason, it was nonetheless the right result. *See Brecht v. Abrahamson*, 507 U.S.

619, 637 (1993) (holding that federal collateral relief is available from a state

court's trial error only if the error had "substantial and injurious effect" on the state court decision) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *Phillips v. United States*, 849 F.3d 988 (11th Cir. 2017) (applying *Brecht* on a § 2255 motion for relief from a federal conviction).

V

As set out above, Mr. Somers had five previous convictions that were treated at sentencing as 924(e) predicates. These included Florida state-court convictions for resisting an officer with violence, aggravated assault with a deadly weapon, burglary, and false imprisonment, as well as a Maryland state-court conviction for conspiracy to distribute heroin. The convictions for burglary and false imprisonment were treated as 924(e) predicates based only on the residual clause.

Even so, Mr. Somers is not entitled to relief. The other three convictions that were treated as 924(e) predicates are still 924(e) predicates. *Johnson*'s invalidation of the 924(e) residual clause made no difference. In *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018), the Eleventh Circuit held that Florida resisting with violence is a violent felony under the 924(e) element clause. Similarly, in *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337-38 (11th Cir. 2013), the Eleventh Circuit held that Florida aggravated assault is a violent felony under the element clause. *Turner*'s holding did not survive *Johnson* in other respects, but *Turner*'s holding on aggravated assault was squarely based on the

element clause, not the residual clause, and remains intact. *See Deshazior*, 882 F.3d at 1355; *see also United States v. Fitzgerald*, 743 F. App'x 971, 972 (11th Cir. 2018) (affirming an armed-career-criminal sentence and holding that, under *Turner*, Florida aggravated battery remains a violent felony). The third conviction, for conspiracy to distribute heroin, is a serious drug offense, unaffected by *Johnson*.

In sum, under the law of the circuit, Mr. Somers is still an armed career criminal.

## VI

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

> were "adequate to deserve encouragement to proceed
> further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. Somers has made the required showing on only one issue. As set out

above, the Eleventh Circuit held in *Turner* that aggravated assault is a violent

felony under the element clause. *Turner* was decided in 2013. Three years earlier,

in *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010), the

court addressed the element clause in the definition of "crime of violence" in

United States Sentencing Guidelines Manual § 2L1.2. The 2L1.2 element clause is

identical to the § 924(e) element clause; both apply only when "use of physical

force," or its attempted or threatened use, is an element of the offense. Cases

addressing the two provisions have been cited interchangeably. In *Palomino*

*Garcia* the court held that "a conviction predicated on a *mens rea* of recklessness

does not satisfy the 'use of physical force' requirement." 606 F.3d at 1336. So

under Guidelines Manual § 2L1.2, and by extension under § 924(e), a crime

committed recklessly, not intentionally, does not qualify.

*Turner* said aggravated assault under Florida law must be committed intentionally. This made understandable the court's failure to cite *Palomino Garcia*. But a later concurring opinion asserts aggravated assault under Florida law can be committed recklessly, that *Turner* thus was wrongly decided, and that the issue should reconsidered en banc. *See United States v. Golden*, 854 F.3d 1256, 1257-58 (11th Cir. 2017) (Jill Pryor, J., concurring).

In sum, reasonable jurists could disagree on whether aggravated assault under Florida law is a violent felony under the element clause. For Mr. Somers, this issue is outcome-determinative. Under *Turner*, he is not entitled to relief. If the decision was changed en banc or by the Supreme Court, Mr. Somers would prevail. In these circumstances, issuance of a certificate of appealability is proper, even though the law of the circuit is, at least for now, fatal to the claim.

One related issue deserves mention. The government has asserted in a series of cases that *Palomino Garcia* did not survive *Voisine v. United States*, 136 S. Ct. 2272 (2016). That issue is addressed in, and is pending on an appeal from, my decision in *United States v. Young*, No. 4:13cr22-RH-CAS (N.D. Fla. June 1, 2018) (unpublished order). This issue, too, is one on which reasonable jurists could differ.

## VII

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 162, is accepted.

2. The § 2255 motion, ECF No. 139, is denied.

3. The clerk must enter judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

4. A certificate of appealability is granted on this issue: whether a Florida conviction for aggravated assault is a violent felony under the 18 U.S.C. § 924(e) element clause, as held in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013), or is not a violent felony under the element clause because it can be committed recklessly, *see United States v. Golden*, 854 F.3d 1256, 1257-58 (11th Cir. 2017) (Jill Pryor, J., concurring) (asserting that *Turner* should be reconsidered en banc because it is inconsistent with *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010)); *but see Voisine v. United States*, 136 S. Ct. 2272 (2016) (addressing recklessness under a similar element clause).

SO ORDERED on March 18, 2019.

s/Robert L. Hinkle
United States District Judge